ROBERT F. McDERMOTT ESQ. Counsel for the Town of Verona
We acknowledge receipt of your letter written as counsel for the Town of Verona, in which you state that a town justice whose elected term of office will expire on December 31, 1979, is resigning from that office. You inquire whether the successor who will be appointed by the town board to serve until December 31, 1978 and his successor, who will be elected in November, 1978 to serve for the balance of the unexpired term which will be December 31, 1979, will serve as town justice and sit as a member of the Town board as would have the present Town justice if it were not for the resignation.
The question arises because of the provisions of Town Law §§ 60 and60-a and of Uniform Justice Court Act § 105 subdivision d as those provisions were enacted by Chaper 739 of the Laws of 1976 which became effective on July 1, 1977 and which provide for the removal from town justices in towns of the second class of their legislative functions on the town board.
In our opinion, in a town of the second class in which there are two town justices who, until December 31, 1977, perform legislative functions on the town board, the town justice whose term expires on December 31, 1977, has to be succeeded by a town justice elected in November 1977, to take office January 1, 1978, to perform judicial functions only and one additional councilman had to be elected in November, 1977, to take office January 1, 1978, to perform legislative duties on the town board in place of the town justice; the other town justice, whose term will expire on December 31, 1979, will continue to perform judicial functions and to sit on the Town board and perform legislative functions until the end of that Term; in the event of a vacancy in the office of town justice for the term expiring on December 31, 1979, the person selected to fill that office by appointment and/or by election will perform the same functions as would have been performed by the town justice whose office became vacant. We note from your inquiry that you are aware that to fill a vacancy created at this time of the year in an elective office an appointment may be made but if the term of the office extends beyond December 31 of next year there must be an election next year to fill the remainder of the term, as required by the Constitution of the State of New York, Article 13 § 3 and Howard v Rockefeller 15 N.Y.2d 927.
Further discussion of the changes mentioned in this opinion can be found in informal opinions of the Attorney General reported in 1976 Atty Gen [Inf Opns] 263 and a 1977 informal opinion not yet reported, dated January 28, 1977 addressed to Ronald P. Bennett. Copies of those opinions are enclosed herewith for your examination.